IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| S2S Associates, LLC<br>*Plaintiff,*<br><br>v.<br><br>FIRST SPECIALTY INSURANCE<br>CORPORATION<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CASE NO. CIV-18-103-C<br><br><br><br>JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW, S2S Associates, LLC ("Plaintiff" or "S2S") and files it Original Complaint against First Specialty Insurance Corporation ("Defendant" or "FSIC") and would respectfully show the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff S2S Associates, LLC is a Delaware limited liability corporation doing business in Norman, Oklahoma as The Commons on Oak Tree Apartments, 1111 Oak Tree Ave., Norman OK. 73072.

2. Defendant FISC is a corporation incorporated in the State of Missouri with its principal place of business in Overland Park, Kansas and may be served with process at 5200 Metcalf, Overland Park, KS 66202.

3. Jurisdiction in based on 28 U.S.C. §1332 in that S2S and FSIC are citizens of different states, therefore, there is complete diversity of citizenship between the parties,

and the matter in controversy exceeds the sum of or value of $75,000, exclusive of interests and costs.

4. Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. §1391(b)(2) because the insurance policy issued by FSIC which names S2S as a named insured insures property located at 1111 Oak Tree Ave., Norman, OK 73072, and the fire that damaged those apartments and is the subject of this Complaint occurred in Norman, Oklahoma.

## CONDITIONS PRECEDENT

5. All conditions precedent to the bringing of this lawsuit have been met or complied with or FSIC has waived or is estopped from asserting that all conditions precedent to bringing this lawsuit have not been met or complied with.

## BACKGROUND

6. FSIC issued its insurance policy # 03000047 to S2S, as the named insured, with an effective date of coverage from October 1, 2010 to October 1, 2011 for the property known as The Commons on Oak Tree Apartments, located 1111 Oak Tree Ave., Norman OK. 73072 (the "Property").

7. On or about August 5, 2011 a fire severely damaged the Property while FSIC's Policy was in full force and effect. The Policy provided coverage for the damages sustained from the fire, including property and content damage, loss of rents and specific coverage by way of endorsement for the increased cost of construction "incurred to comply with enforcement of an ordinance or law in the course of repair, rebuilding or replacement of

damaged parts of that property". Defendant made its first payment of $150,000 on September 5, 2011.

8. The parties continued negotiations regarding the replacement costs due under the Policy, including the "increased cost of code upgrades" and loss of rental income due to the fire. The undisputed payments totaling over $4,337,467 took over five (5) years to be paid with the last undisputed payment of $135,955 made on February 1, 2017.

9. Defendant refused to pay the full amount of Plaintiff's claim for the increased cost of construction incurred to comply with the city's building and fire code ordinances regarding the repair and replacement of damaged parts of the Property. Defendant's refusal was based on their misrepresentation that the City of Norman's code officials did not require the code upgrade items.

10. This representation was made despite the Oklahoma Insurance Commissioner's Bulletin which mandated that insurance companies provide "additional coverage for increased cost incurred due to the enforcement of any law that regulates the renovation or repair of any building shall consider all building codes as being strictly enforced".

11. Defendant only paid a portion of the loss of rents claim. Thus, the parties had ongoing discussions and negotiations regarding the full extent of Plaintiff's loss of rental income which was covered under the Policy. The dispute centered on the "period of restoration" and "projected occupancy" during the period of restoration. On February 1, 2017 Defendant issued a check for the undisputed amount of $135,955.00, leaving a balance still owe and owing.

12. After Defendant's February 1, 2017 letter, the parties continued discussions of the remaining balance that Plaintiff claimed was still due and owing. On August 16, 2017, Plaintiff was notified that the Defendant considered this "matter finalized and has closed their file accordingly."

## COUNT I
## BREACH OF CONTRACT

13. Plaintiff adopts the preceding paragraphs as if fully set forth herein.

14. At the time of the Loss, Plaintiff was the named insured under a commercial property insurance Policy that provided coverage for Plaintiff's Loss and damage. As a result of the fire loss, and the cost of code upgrades, Plaintiff suffered unpaid property damage loss of $549,053.21 and loss of rent income in the amount of at least $641,346.66, and damaged contents loss of $37,904. FSIC has breached its policy of insurance by failing to pay for the damage resulting from the Loss. As a result of this breach of contract, Plaintiff has suffered damages for which Plaintiff now sues in an amount to be determined by the trier of fact.

## COUNT II
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

15. Plaintiff adopts the preceding paragraphs as if fully set forth herein.

16. As an insurance company licensed to do business in the State of Oklahoma, Defendant is bound by Oklahoma statutory and common law to honor its contractual obligations to its insureds in good faith. As such, Defendant has and continues to have a duty to deal fairly and in good faith with Plaintiff, its insured, and Defendant breached its duty to deal fairly and in good faith with Plaintiff because:

(a) Defendant's refusal to pay the claim in full was unreasonable under the circumstances; (b) Defendant did not deal fairly and in good faith with the Plaintiff; and (c) Defendant's violation of its duty of good faith and fair dealing was the direct cause of the alleged damages sustained by Plaintiff.

17. Further, Defendant breached its duty to deal fairly and in good faith with Plaintiff because Defendant must conduct a full, fair and timely investigation into the nature and extent of Plaintiff's loss.

18. Defendant unreasonably delayed in investigating and processing the claim, without just cause, unduly.

19. Defendant unreasonably failed to settle and pay in full a valid claim under the policy.

20. Defendant's failure to pay and/or refusal to pay had no reasonable basis and/or the amount offered to Plaintiff was unreasonably low.

21. Defendant breached its duty to deal fairly and in good faith with Plaintiff because Defendant put its own interests ahead of Plaintiff by ignoring, for example, the Commissioner's Bulletin mandating that insurance companies providing "additional coverage for increased cost incurred due to the enforcement of any law that regulates the renovation or repair of any building <u>shall</u> consider all building codes as being strictly enforced".

22. As a result, Defendant conducted an inadequate investigation and focused its investigation on ways to evaluate Plaintiff's claim in order to reduce the payment of insurance benefits.

23. Defendant breached its duty to deal fairly and in good faith with Plaintiff because Defendant has a claims handling system that encourages and incentivizes claims employees to deny claims by conducting an inadequate investigation and focusing the investigation on ways to evaluate the claim to the detriment of its insureds. Defendant encourages this type of claims handling environment through the training and supervision of its claims employees where the duty of good faith and fair dealing is disregarded in favor of the profitability of Defendant.

24. As a result of Defendant's breach of its duty to deal fairly and in good faith, Plaintiff suffered damages for which it hereby sues.

25. Defendant's breach of the duty of good faith and fair dealing was intentional and malicious, and punitive damages should be awarded against Defendant in an amount to punish Defendant and deter others.

## ATTORNEY FEES

26. Further, Plaintiff has been required to engage the services of the undersigned attorney and has agreed to pay its attorney a reasonable fee for services expended and to be expended in the prosecution of Plaintiff's claims against Defendant through the trial court and all levels of the appellate process.

## JURY DEMAND

27. Plaintiff requests that a jury be convened to try the factual issues in this action.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests judgment against Defendant for its actual economic damages, statutory damages, punitive or exemplary damages, attorney fees, and such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**HUBBLE ♦ PISTORIUS**

By: s/ John L. Hubble
(Signed by Filing Attorney with Permission of Attorney)
John L. Hubble
Texas State Bar No. 10144650
CAMPBELL CENTRE I - NORTH TOWER
8350 North Central Expwy, Suite 1310
Dallas, Texas 75206
(214) 361-1262 (telephone)
(214) 373-3455 (facsimile)
Johnhubble@hubblelaw.com
*Attorney for Plaintiff*
*S2S Associates, LLC*
(Admission *Pro Hac Vice* Pending)

**HORNBEEK VITALI & BRAUN, P.L.L.C.**

BY: s/ Richard E. Hornbeek
Richard E. Hornbeek, OBA #10855
3711 N. Classen Blvd.
Oklahoma City, OK 73118
Hornbeek@hvblaw.com
(405) 236-8600 Telephone
(405) 236-8602 Facsimile
*Co-Counsel for Plaintiff*

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**